IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ABOVE ALL SAND & AGGREGATE, LLC, a Utah limited liability company,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>NELCON, INC., a Montana corporation,<br><br>    Defendant/Counterclaim Plaintiff | **ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br>Case No. 2:13-cv-00786<br><br>Judge Robert J. Shelby |
| NELCON, INC., a Montana corporation,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>PEYTON CANARY, an individual; DEAN SMITH, an individual, GO AGGREGATES, LLC, a Delaware limited liability company.<br><br>    Third-Party Defendants. | |

Pursuant to Federal Rule of Civil Procedure 55(b), Defendant, Counterclaimant, and Third-Party Plaintiff Nelcon, Inc. moves the court to enter default judgment against Plaintiff and Counterclaim Defendant Above All Sand & Aggregate, LLC, and Third-Party Defendant Peyton Canary.[1]  For the reasons stated below, the court denies the motion without prejudice.

On October 5, 2015, the court entered default against Above All Sand and Mr. Canary.[2] Nelcon now seeks a judgment in the amount of $305,600.90 in damages for breach of contract, plus interest at the maximum rate of 10% per annum from the date of each invoice, or from the

---

[1] Dkt. 57.
[2] Dkt. 55–56.

1

date of the breach of contract, through January 20, 2016.[3]  Nelcon also seeks an award of attorneys' fees and costs through January 12, 2016.[4]  In total, Nelcon seeks a default judgment against Above All Sand and Mr. Canary, jointly and severally, in the amount of $415,391.97.[5]

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[6]  That said, "[a] party is not entitled to a default judgment as of right."[7]  Rather, "[d]ecisions to enter judgment by default are committed to the district court's sound discretion."[8]

When it comes to awarding damages, Federal Rule 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[9]  Federal Rule 55(b) further provides that, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing."[10]  But "[i]n all other cases, the party must apply to the court for a default judgment."[11]  In such cases, the court may conduct a hearing to "determine the amount of damages."[12]  While the court has discretion to hold a hearing to determine damages,[13]

---

[3] Dkt. 57.
[4] *Id.*
[5] *Id.*
[6] Fed. R. Civ. P. 55(a).
[7] *Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (citation omitted) (internal quotation marks omitted).
[8] *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation omitted) (internal quotation marks omitted); *see also Villanueva*, 77 F. Supp. 3d at 1066 (stating that "the entry of a default judgment is entrusted to the sound judicial discretion of the court" (citation omitted) (internal quotation marks omitted)).
[9] Fed. R. Civ. P. 54(c).
[10] *Id.* 55(b)(1).
[11] *Id.* 55(b)(2).
[12] *Id.*
[13] *Villanueva*, 77 F. Supp. 3d at 1075.

the court need not hold a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation."[14]

In any event, the plaintiff bears the burden "to establish entitlement to recovery of damages against a defaulting defendant."[15] And "[a] default judgment for money damages must be supported by proof."[16] "This requirement ensures that a plaintiff is not awarded more in damages than can be supported by actual evidence."[17] Similarly, a party seeking attorneys' fees must prove the amount of the fees and the reasonableness of the fees.[18]

Here, Nelcon has not submitted proof of its damages for breach of contract. For example, Nelcon has not submitted the contract showing that the requested amount of damages is a sum certain. Nor has Nelcon submitted an affidavit proving that the amount claimed is capable of mathematical calculation. Similarly, while Nelcon has submitted a declaration in support of its request for attorneys' fees and costs, Nelcon has not established that it is entitled to attorneys' fees in the first place.[19]

For the foregoing reasons, the court denies Nelcon's motion for default judgment without prejudice.

SO ORDERED this 27th day of January, 2016.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[14] *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).
[15] *Bolsa Res., Inc. v. Martin Res., Inc.*, No. 11-cv-01293, 2014 WL 4882132, at *17 (D. Colo. Aug. 28, 2014) (citation omitted).
[16] *Villanueva*, 77 F. Supp. 3d at 1075 (citing *Klapprott v. United States*, 335 U.S. 601, 611–12 (1949)).
[17] *Id.*
[18] *See Hunt*, 770 F.2d at 148.
[19] *See, e.g.*, Utah Code Ann. § 78B-5-826.